UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THOMAS C. WILLIAMS,<br>    Plaintiff, | Case No. 1:22-CV-139 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| PRESIDENT JOE BIDEN,<br>    Defendants. | REPORT AND<br>RECOMMENDATION |

    Plaintiff, a resident of Cincinnati, Ohio, has filed a pro se civil complaint against President Joe Biden. (Doc. 1-1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

**Screening of Complaint**

    **A.    Legal Standard**

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

2

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Plaintiff's Complaint

Plaintiff alleges the following, verbatim:

> I'm a chief constituent diplomat in America and Russia. My Dip. No. 83-263.93.3976. /8/4/3/. I don't need to charge Russia and I owen (sic) the land damaged in the Ukraine. President Joe Biden did not ask my permission to put American troops on my private land. And I also have a servitude law to follow.

(Doc. 1-1, PAGEID 6). As relief, plaintiff seeks $3 million.

### C. Resolution

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction and seeks relief from a defendant who is immune from monetary relief.

The Court is without federal question jurisdiction over the complaint. District courts also have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause

3

of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The undersigned is unable to discern from the facts alleged in the complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief.

Moreover, the Supreme Court "recognize[s] absolute Presidential immunity from damages and liability for acts within the 'outer perimeter' of [the President's] official responsibility." *Nixon v. Fitzgerald,* 457 U.S. 731, 756-57 (1982). Therefore, President Biden is immune from monetary damages in this case.

Accordingly, plaintiff's complaint should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 3/19/2022

Karen L. Litkovitz
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS C. WILLIAMS,	Case No. 1:22-CV-139
    Plaintiff,

                          Dlott, J.
vs	Litkovitz, M.J.

PRESIDENT JOE BIDEN,
    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).